UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DEAN C. CAMPANARO,
        Plaintiff,

                                           PRISONER
    v.                              CASE NO. 3:11-cv-1734(SRU)

ELIZABETH C. LEAMING,
        Defendant.

**INITIAL REVIEW ORDER**

The plaintiff, currently incarcerated at MacDougall Correctional Institution in Suffield, Connecticut ("MacDougall"), has filed a complaint *pro se* under 42 U.S.C. § 1983.  The plaintiff sues Assistant State's Attorney Elizabeth C. Leaming.

On February 8, 2012, the court vacated its order granting the plaintiff leave to proceed *in forma pauperis* and directed the plaintiff to pay the filing fee.  The plaintiff paid the filing fee on February 17, 2012.  The plaintiff has filed a motion seeking a court order that any funds that were previously withdrawn from his prisoner account by the Department of Correction to pay the filing fee be returned to his prisoner account.  The motion has been granted.  The Clerk is directed to contact the Connecticut Department of Correction and request that any funds collected from the plaintiff's inmate account pursuant to the plaintiff's Prisoner Authorization Form be returned to the plaintiff's inmate account.  No further funds shall be collected from the plaintiff's prisoner account pursuant to the Prisoner Authorization Form.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id*.  This requirement applies both where the inmate

has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

On September 29, 2010, in the Superior Court for the Judicial District of Tolland, a judge sentenced the plaintiff to a total effective sentence of thirty years, execution suspended after fourteen years, followed by ten years of probation. *See State v. Campanaro*, No. TTDCR0893002, 2011 WL 500927 (Conn. Super. Ct. Oct. 3, 2011). Defendant Leaming then moved to destroy or return all the original sources of evidence used during the prosecution. The court ordered that the victims' cellular telephone and laptop computer be returned to them and the plaintiff's cellular telephone and blackberry device be destroyed. Defendant Leaming also moved to have the plaintiff's desk-top computer returned to his children and former spouse. The plaintiff objected to

2

the motion and asked that he be given an image or copy of the information contained on the hard

drive of his desk-top computer.   On October 8, 2010, a superior court judge ordered defendant

Leaming to have the copy of the hard drive from the plaintiff's desk-top computer made and

delivered to the plaintiff within three days.

On July 25, 2011, the plaintiff informed the same superior court judge that he had not

received a copy of the hard drive.  Defendant Leaming claimed that the plaintiff's trial attorney had

only requested copies of some photographs from the plaintiff's computer.  She informed the court

that the desk-top computer had been released from police custody and returned to the plaintiff's

former spouse.   In addition, the judge confirmed that the plaintiff's lap top computer had been

destroyed.

The plaintiff claims that his desk-top computer contained information that he could have

used to challenge his conviction as well as other personal information, documents and photographs

The plaintiff sues the defendant in her individual capacity for violations of his Sixth Amendment

right to challenge his conviction on appeal or in a habeas petition and his Fourteenth Amendment

right to due process.

After careful consideration, the court concludes that these claims warrant service of the

complaint and an opportunity for plaintiff to address defendants' response to the complaint.

**ORDERS**

The court enters the following orders:

(1)      The Sixth and Fourteenth Amendment claims shall proceed against the defendant in

her individual capacity.  The Clerk is directed to contact the Connecticut Department of Correction

and request that any funds collected from the plaintiff's inmate account pursuant to the plaintiff's

Prisoner Authorization Form be returned to the plaintiff.  No further funds shall be collected from

3

the plaintiff's prisoner account pursuant to the Prisoner Authorization Form.

(2)      Because the plaintiff has paid the filing fee to commence this action, he is responsible for effecting service of the complaint.  **The plaintiff shall** serve the complaint on the defendant in her individual capacity in accordance with Rule 4, Fed. R. Civ. P., within **60 days** from the date of this order and file a return of service with the Court within **70 days** from the date of this order.  The plaintiff is cautioned that if he fails to effect service within the time specified, the action may be dismissed.

(3)      **The Pro Se Prisoner Litigation Office shall send the plaintiff instructions on serving a complaint and a Notice of Lawsuit and Waiver of Service of Summons form along with a copy of this Order.**

(4)      **The defendant shall** file her response to the complaint, either an answer or motion to dismiss, within **ninety (90)** days from the date of this order.  If the defendant chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claims recited above. She may also include any and all additional defenses permitted by the Federal Rules.

(5)      Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6)      All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)      Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED at Bridgeport, Connecticut this 21st day of March 2012.


       /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge