UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEAN C. CAMPANARO,
        Plaintiff,

        v.                          CASE NO. 3:11cv1734(SRU)

ELIZABETH C. LEAMING,
        Defendant.

## RULING ON MOTION TO DISMISS

The plaintiff, Dean C. Campanaro, currently incarcerated at MacDougall-Walker

Correctional Institution in Suffield, Connecticut, filed this action *pro se* under 42 U.S.C. § 1983

against Assistant State's Attorney Elizabeth C. Leaming.  The defendant has moved to dismiss

all claims against her.  For the reasons that follow, the motion to dismiss is granted.

### I.  Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may

be granted, the court accepts as true all factual allegations in the complaint and draws inferences

from these allegations in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416

U.S. 232, 236 (1974); *Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 143 (2d Cir. 2003).

The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a

claim upon which relief may be granted so that he should be entitled to offer evidence to support

his claim.  *See York v. Association of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert.

denied*, 537 U.S. 1089 (2002).

In reviewing the complaint in response to a motion to dismiss, the court applies a

"plausibility standard," which is guided by two working principles.  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).  First, the requirement that the court accept as true the allegations in the

complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice.'"  *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).  Second, to survive a motion to

dismiss, the complaint must state a plausible claim for relief.  Determining whether the

complaint states a plausible claim for relief is "'a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense.'"  *Id.* (quoting *Iqbal*, 556

U.S. at 679).  Even under this standard, however, the court liberally construes a *pro se* complaint.

*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Boykin v. KeyCorp*, 521 F.3d 202,

213-14, 216 (2d Cir. 2008).  In its review of a motion to dismiss, the court may consider "only

the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in

the pleadings and matters of which judicial notice may be taken."  *Samuels v. Air Transport*

*Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

## II.    Facts[1]

On August 17, 2008, Connecticut State Police Officers executed a search warrant for the

plaintiff's home and seized a cellular telephone, a BlackBerry device, a Dell laptop computer and

---

[1]  Motions to dismiss for failure to state a claim are decided on the basis of the facts
alleged in the complaint, as well as documents attached to, referenced in, or integral to the
complaint. *See Field Day, LLC v. Cty. of Suffolk*, 463 F.3d 167, 192 (2d Cir. 2006); *Chambers v.
Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42, 47 (2d Cir.1991).  In his complaint, the plaintiff specifically referred to criminal
proceedings regarding the return, release and destruction of evidence seized in connection with
his state criminal conviction.  *See* Compl. at 3-5.  Thus, the facts are taken from the complaint as
well as the transcripts of the criminal proceedings and a letter referenced in the complaint
relating to the release and destruction of evidence seized in connection with the plaintiff's
criminal conviction.  *See* Mem. Supp. Mot. Dismiss, Exs. B-E.

a Gateway desktop computer.  On August 29, 2008, officers arrested the plaintiff on multiple

criminal charges.  Defendant Leaming was the Assistant State's Attorney who represented the

State of Connecticut in the criminal prosecution against the plaintiff.

On July 7, 2010, in the Superior Court for the Judicial District of Tolland, a jury found

the plaintiff guilty of two counts of sexual assault in the second degree in violation of

Connecticut General Statutes § 53a-71(a)(1); two counts of sexual assault in the fourth degree in

violation of Connecticut General Statutes § 53a-73(a)(1)(B); one count of illegal sexual contact

in violation of Connecticut General Statutes § 53a-21(a)(2); one count of delivery of alcohol to a

minor in violation of Connecticut General Statutes § 30-86; one count of enticing a minor by

computer in violation of Connecticut General Statutes § 53a-90a; and one count of risk of injury

to a minor in violation of Connecticut General Statutes § 53a-21(a)(1).  *See State v. Campanaro*,

No. TTDCR0893002, 2011 WL 5009527 (Conn. Super. Ct. Oct. 3, 2011).  On September 29,

2010, Superior Court Judge William H. Bright, Jr. sentenced the plaintiff to a total effective

sentence of thirty years' imprisonment, execution suspended after fourteen years, followed by ten

years of probation.  *See id*.

At the conclusion of Judge Bright's imposition of the plaintiff's sentence on September

29, 2010, defendant Leaming moved to destroy, retain or return all the original sources of

evidence used during the plaintiff's prosecution, including a Gateway desktop computer.  Judge

Bright ordered that the complainant's laptop computer be returned to her family, the Dell laptop

computer owned by the plaintiff's former employer be returned to the plaintiff's former employer

and the plaintiff's cellular telephone be destroyed.   The judge also ordered a number of pieces of

seized property to be retained by the Connecticut State Police Department including: the

plaintiff's BlackBerry device, the Gateway desktop computer belonging to the plaintiff, his former wife and children and the USB flashdrive from the Gateway computer, the Connecticut State Police computer analysis of the involved computers, the complainant's Dell desktop computer and clothing, the swabs taken from the plaintiff's clothing and the FDA collection cards and foam tip applicator sponges.

On October 8, 2010, defendant Leaming moved to have the complainant's Dell desktop computer returned to the complainant's family and the Gateway desktop computer belonging to the plaintiff, his former spouse and his children to be returned to the plaintiff's former spouse and children.  The judge ordered that the complainant's Dell computer be returned to the complainant's family.

The plaintiff's attorney objected to the return of the Gateway computer to the plaintiff's former spouse and children.  He asked that he be permitted the opportunity to copy the information contained on the hard drive of the computer.  The judge ordered that the computer be returned to the plaintiff's former spouse by October 18, 2010.   The judge also  permitted plaintiff's attorney to make arrangements with defendant Leaming to make a copy of the hard drive of that computer prior to its return to the plaintiff's former spouse.  Defendant Leaming offered to have the computer sent to her office from the Connecticut State Police Department. The judge directed defendant Leaming to inform the plaintiff's attorney when the computer had been delivered to her office and then directed the plaintiff's attorney to make a copy of the hard drive within three business days of the date he learned that the computer had arrived at defendant Leaming's office.   Once the three business days had expired, the computer was to be returned to the plaintiff's former spouse and children, no later than October 18, 2010.

4

On July 25, 2011, the plaintiff appeared in the Connecticut Superior Court for the Judicial District of Tolland at Rockville and informed Judge Bright that he had not received a copy of the hard drive from the Gateway desktop computer.  Defendant Leaming informed the Judge that the plaintiff's trial attorney had only requested copies of some photographs from the plaintiff's computer, not the entire hard drive.  She informed the court that she had provided the plaintiff's attorney with the photographs that he sought from the hard drive and that the desktop computer had been released from police custody and returned to the plaintiff's former spouse.   The judge directed defendant Leaming to contact plaintiff's attorney to determine what action he had taken with regard to the hard drive of the Gateway computer.

On August 16, 2011, plaintiff's attorney sent a letter to Judge Bright indicating that defendant Leaming had granted him access to the Gateway desktop computer, he had selected some photographs from the hard drive, but he had not searched for or recovered any other data or records from the hard drive because the plaintiff had not requested him to do so.  He acknowledged that defendant Leaming had provided him with a DVD that contained the photographs that he had selected from the hard drive.

## III.    Discussion

 The plaintiff sues the defendant in her individual capacity and seeks declaratory relief as well as compensatory and punitive damages.  The defendant moves to dismiss on four grounds: (1) the plaintiff has failed to state a claim against her upon which relief may be granted; (2) she is entitled to absolute prosecutorial immunity; (3) she is entitled to qualified immunity; and (4) the claims against her are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### A.    Failure to State a Claim

The plaintiff claims that the defendant violated Judge Bright's order that she provide him with a copy of the hard drive from the Gateway computer before it was returned to his former spouse and children.  The plaintiff contends that without the copy of the hard drive, he has been unable to review its contents or have it evaluated to determine if it includes exculpatory evidence that he might need for future legal proceedings.

The plaintiff filed a notice of appeal of his criminal conviction on March 11, 2011.   He is represented by counsel in the appeal which remains pending.  *See Connecticut v. Campanaro*, AC 33252 (Conn. App. Ct. Mar. 11, 2011).[2]

The transcripts of the sentencing and post-sentencing proceedings regarding the disposition of the Gateway computer reflect that Connecticut Superior Court Judge Bright did not order defendant Leaming to make a copy of the hard drive.  At the conclusion of the sentencing hearing, Judge Bright ordered that the Gateway computer and other seized evidence be retained by the Connecticut State Police Department for potential use by the plaintiff in the appeal of his conviction.

During a post-sentencing hearing on October 8, 2010, plaintiff's trial attorney requested that he be permitted to make a copy of the hard drive of the Gateway computer.  Judge Bright directed plaintiff's trial attorney to review the hard drive and make a copy of it for the plaintiff. Defendant Leaming offered to have the computer delivered to the State's Attorney's Office to

---

[2]     The Second Circuit has held that district courts may properly take judcial notice of docket sheets in other court cases.  *See Mangifico v. Blumenthal*, 471 F.3d 391 (2d Cir. 2006) (finding no error in district court's reliance on a docket sheet in another case because "docket sheets are public records of which the court could take judicial notice") (citation omitted). Accordingly, the court takes judicial notice of the docket sheet in the appeal of the plaintiff's state criminal conviction which may be accessed via the following website: http://appellateinquiry.jud.ct.gov.

enable plaintiff's attorney to come and review the hard drive there.  In compliance with Judge Bright's order, defendant Leaming informed plaintiff's attorney when the computer had been delivered to her office.   Plaintiff's attorney reviewed the hard drive and apparently only wanted copies of the photographs on the computer.  In response to the request of plaintiff's attorney, defendant Leaming made a DVD of the photographs and delivered the DVD to him.

At a hearing held on July 25, 2011, Judge Bright confirmed that he had previously ordered plaintiff's trial attorney to make a digital copy of the hard drive of the Gateway computer and that the computer be returned to the plaintiff's former spouse.  Defendant Leaming stated that plaintiff's trial attorney had only wanted photographs from the hard drive and that she had provided counsel with the photographs.   As of the hearing held on July 25, 2011, the plaintiff had not received the DVD from his trial attorney.   Defendant Leaming noted that the Gateway computer had been returned to the plaintiff's former spouse and children.

Judge Bright issued an order to plaintiff's trial attorney to submit a letter to the court by August 8, 2011, regarding the actions he had taken with regard to viewing and making a copy of the hard drive of the Gateway computer.   Judge Bright asked defendant Leaming to contact plaintiff's trial attorney to convey the request regarding the letter.

Plaintiff's trial attorney subsequently confirmed in a letter to Judge Bright that he had reviewed the hard drive of the Gateway computer at defendant Leaming's office, had only requested photographs from the computer's hard drive, did not search for or recover any financial data or other records on the hard drive, had received a DVD with the photographs that he had requested from defendant Leaming and had misplaced the DVD in one of his offices.   On August 16, 2011, plaintiff's trial attorney mailed a copy of his letter to Judge Bright to the

plaintiff at MacDougall-Walker Correctional Institution.

It is evident that defendant Leaming did not violate the court's orders regarding the hard drive of the Gateway computer.   Thus, the plaintiff has failed to state a claim that the defendant violated his federally or constitutionally protected rights.  The motion to dismiss is therefore granted.

      **B.**     **Remaining Arguments**

Because the court has granted the motion to dismiss on the ground that the allegations against defendant Leaming fail to state a claim upon which relief may be granted, the court does not reach defendant Leaming's other arguments.

**IV.**    **Conclusion**

Defendant's Motion to Dismiss [**Doc. #24**] is **GRANTED**.   The court declines to exercise supplemental jurisdiction over any state law claims.  *See* 28 U.S.C. § 1367(c)(3).  The Clerk is directed to enter judgment for the defendant and close this case.

**SO ORDERED** this 23rd day of September 2013, at Bridgeport, Connecticut.


   /s/ Stefan R. Underhill
   STEFAN R. UNDERHILL
   UNITED STATES DISTRICT JUDGE